UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIE BRUNET** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2308** |
| **SOUTHERN FIDELITY INSURANCE COMPANY** | **SECTION: D (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Add Party, filed by plaintiff, Jamie Brunet.[1] Plaintiff seeks to add the Louisiana Insurance Guaranty Association ("LIGA") as an additional defendant in this case, asserting that LIGA is the statutory successor in interest to Southern Fidelity Insurance Company pursuant to La. R.S. 22:2051.[2]

After considering the Motion and the applicable law, for the reasons expressed below, the Motion is **GRANTED** and this matter is hereby **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, for lack of subject matter jurisdiction.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On or about November 16, 2021, Plaintiff filed a Petition for Breach of Contract, Penalties, and Attorneys' Fees Pursuant to La. R.S. § 22:1982 and § 1973 against Southern Fidelity Insurance Company ("SFIC") in the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana.[3]  Plaintiff seeks damages, penalties

---

[1] R. Doc. 27.
[2] *Id*. at ¶ 3; *See also*, R. Doc. 23-1 at p. 1 ("Further, Louisiana Insurance Guaranty Association ('LIGA') is the statutory successor in interest to Southern Fidelity pursuant to La. R.S. 22:2051, *et seq*., rendering it an appropriate additional party.").
[3] R. Doc. 1-2.

and attorney's fees for SFIC's alleged breach of contract and bad faith failure to adequately compensate Plaintiff for the covered losses to her property located in Houma, Louisiana caused by Hurricane Ida, which made landfall in Louisiana on or about August 29, 2021.[4] On December 15, 2021, SFIC removed the matter to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[5]

Approximately six months later, on June 20, 2022, SFIC filed a Motion to Enforce Stay and Notice of Liquidation and Statutory Stay, notifying the Court that SFIC had been declared insolvent and placed into liquidation, and requesting that this Court "enforce the permanent stay of all claims against SFIC ordered by the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida and the automatic statutory stay of all claims against SFIC and any party which it is obligated to defend as provided by La. R.S. 22:2068(A)."[6] SFIC requested a six-month stay of this matter, until December 15, 2022, and asserted that Plaintiff's counsel had either consented to, or voiced no opposition to, the request.[7] On June 23, 2022, the Court issued an Order granting the Motion, staying and administratively closing this matter until December 15, 2022, and requiring the parties to file a joint status report by December 9, 2022, advising the Court regarding the status of SFIC's insolvency and the liquidation proceedings in Florida.[8] When neither party filed a joint status report by December 9, 2022, the Court issued an Order *sua sponte* on December 13,

---

[4] *Id.*
[5] R. Doc. 1 at ¶ 3.
[6] R. Doc. 19 at p. 1.
[7] *Id.* at p. 3.
[8] R. Doc. 20.

2022, extending the stay for an additional six months, or until June 23, 2023.[9] The Court gave the parties until June 16, 2023 to either file a status report regarding the status of SFIC's insolvency and the liquidation proceedings in Florida or a motion to lift the stay.[10]

On June 26, 2023, Plaintiff filed a Motion to Lift Stay and Dismiss, asking this Court to lift the stay and dismiss the case because LIGA is an appropriate additional party and the addition of LIGA would destroy the Court's diversity jurisdiction over this matter.[11] Notably, Plaintiff did not seek to add LIGA as an additional party at that time, and the memorandum filed in support of the Motion was titled "Memorandum in Support of the Motion to Remand."[12] After reviewing the Motion, the Court scheduled a Telephone Status Conference for June 28, 2023, during which the Court discussed with Plaintiff's counsel the potential addition of LIGA as a defendant in this case.[13]

On the following day, June 29, 2023, Plaintiff filed the instant Motion to Add Party, seeking to add LIGA as a defendant in this matter.[14] Plaintiff asserts that SFIC's insolvency has led to the involvement of LIGA to "provide for the payment of covered claims under certain insurance policies . . . due to the insolvency of an insurer."[15] Plaintiff claims that, as an unincorporated legal entity, LIGA's citizenship

---

[9] R. Doc. 21.
[10] *Id*.
[11] R. Doc. 23.
[12] R. Doc. 23-1.
[13] R. Doc. 26.
[14] R. Doc. 27.
[15] *Id*. at ¶ 3 (*quoting* La. R.S. 22:2052) (internal quotation marks omitted).

is determined by the citizenship of its members.[16] Plaintiff further asserts that, "On information and belief, at least one member of LIGA is a citizen of Louisiana. For this reason, Plaintiff acknowledges that the addition of LIGA as a Party will destroy complete diversity in this action."[17]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."[18] The Fifth Circuit has strictly followed this rule, stating that "leave to amend should be granted liberally."[19] However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[20]

The Fifth Circuit has held that, "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."[21] When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having

---

[16] R. Doc. 27 at ¶ 5.
[17] *Id.* at ¶ 7.
[18] Fed. R. Civ. P. 15(a).
[19] *Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir. 1995).
[20] 28 U.S.C. § 1447(e).
[21] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

parallel lawsuits."[22] These factors, often referred to as the "*Hensgens* factors," include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities.[23]

Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case.[24] In *Cobb v. Delta Exports, Inc.*, the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, *even when the newly joined defendants are not indispensable*."[25] In reaching this conclusion, the court relied upon *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, a First Circuit case in which the court held that joinder or substitution of non-diverse defendants for fictitious defendants after removal destroys diversity, regardless of whether the defendants are dispensable or indispensable to the action.[26] The *Cobb* court also cited a decision from the District of Columbia Circuit, which "supports the view that . . . post-removal joinders, whether dispensable or indispensable, are controlled by §

---

[22] *Id.*
[23] *Id.*
[24] *Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995) (Berrigan, J.); *See, Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991).
[25] 186 F.3d at 677 (emphasis added).
[26] *Cobb*, 186 F.3d at 680 (citing *Casas*, 42 F.3d 668, 674 (1st Cir. 1995)).

1447(e)."[27] Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties.[28]

Here, SFIC removed this action based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[29] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[30] "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will."[31] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[32] The removing party has the burden of proving federal diversity jurisdiction.[33] Remand is proper if at any time the court lacks subject matter jurisdiction.[34]

### III. ANALYSIS

The Court finds that a majority of the *Hensgens* factors weigh in favor of granting Plaintiff's Motion and allowing the addition of LIGA as a defendant in this case, even though it appears that LIGA is a non-diverse defendant. Turning to the

---

[27] *Cobb*, 186 F.3d at 681 (citing *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478 (D.C. Cir. 1996)).
[28] *Joseph v. Fluor Cop.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (citing *Cobb*, 186 F.3d at 680-81).
[29] 28 U.S.C. § 1332(a)-(a)(1).
[30] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[31] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).
[32] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[33] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[34] *See,* 28 U.S.C. § 1447(c).

first *Hensgens* factor, the Court is persuaded that the purpose of Plaintiff's amendment is the inclusion of the proper defendant, rather than the exclusion of federal jurisdiction. The evidence before the Court shows that SFIC has been licensed to transact insurance in Louisiana since 2007,[35] and that SFIC was placed into receivership by the Second Judicial Circuit Court in Leon County, Florida, on or about June 15, 2022.[36] As such, SFIC is an "insolvent insurer" under La. R.S. 22:2055(7).[37] The Court therefore agrees with Plaintiff that LIGA is SFIC's statutory successor in interest pursuant to the Louisiana Insurance Guaranty Association Law, La. R.S. 22:2051, *et seq.*, rendering LIGA an appropriate additional party to this litigation.[38] Further, SFIC was not placed into receivership until *after* the case was removed to this Court. Thus, Plaintiff neither knew nor should have known of LIGA's involvement in this litigation when she filed her state court Petition.[39]

The Court further finds that Plaintiff has not been dilatory in seeking to add LIGA as a defendant, as this case was removed to this Court on December 15, 2021

---

[35] R. Doc. 19 at p. 3 (*citing* R. Doc. 19-3).
[36] R. Doc. 19-2.
[37] *See*, La. R.S. 22:2055(7) (defining an "Insolvent insurer" as "(a) An insurer that is licensed and authorized to transact insurance in this state, either at the time the policy was issued or when the insured event occurred, and (b) Against whom an order of liquidation with a finding of insolvency has been entered by a final judgment of a court of competent jurisdiction in the insurer's state of domicile or of this state, and which order of liquidation has not been stayed or been the subject of a perfected suspensive appeal or other comparable order.").
[38] *See*, La. R.S. 22:2052 ("The purpose of this Part is to provide for the payment of covered claims under certain insurance policies with a minimum delay and a minimum financial loss to claimants or policyholders due to the insolvency of an insurer, to provide financial assistance to member insurers under rehabilitation or liquidation, and to provide an association to assess the cost of such operations among insurers.").
[39] *See*, *Schindler v. Charles Schwab & Co., Inc.*, Civ. A. No. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005) (Africk, J.) ("When analyzing the first *Hensgens* factor, district courts have considered whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed.").

and was stayed for a year approximately six months later due to SFIC being placed into receivership by the Florida court.[40] The temporal proximity between removal, SFIC's placement into receivership, and Plaintiff's recent efforts to name LIGA as an additional defendant does not suggest that the true purpose of the proposed amendment is to defeat jurisdiction. As such, the second *Hensgens* factor weighs in favor of granting Plaintiff's Motion. The Court likewise finds that the third *Hensgens* factor weighs in favor of granting the Motion, as Plaintiff will be significantly prejudiced if she is not allowed to name LIGA as a defendant since she can no longer seek recovery from SFIC. Accordingly, the Court finds that the *Hensgens* equitable analysis weighs in favor of allowing Plaintiff's amendment to add a non-diverse defendant in this case. As such, the Motion is granted and Plaintiff is allowed to amend her Petition to add LIGA as a defendant.[41]

As previously discussed, SFIC removed the case to this Court pursuant to 28 U.S.C. § 1332, diversity jurisdiction.[42] At the time of removal, the parties were completely diverse, as Plaintiff was a citizen of Louisiana and SFIC was a citizen of Florida.[43] As Plaintiff correctly points out, the Fifth Circuit has held that, "LIGA has the citizenship for diversity purposes of each of its constituent member insurers."[44] In the instant Motion, Plaintiff asserts that, "On information and belief, at least one member of LIGA is a citizen of Louisiana," and, as such, the addition of LIGA will

---

[40] *See*, R. Docs. 1, 20, & 21.
[41] R. Doc. 26-2.
[42] R. Doc. 1 at ¶ 3.
[43] *Id.* at ¶¶ 25 & 26.
[44] *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (citing authority).

destroy the Court's diversity jurisdiction.[45] While Plaintiff has not identified any of the constituent members of LIGA, in a separate matter that was previously before this Court, counsel for LIGA acknowledged during a telephone status conference on March 13, 2023 that, "LIGA is a Louisiana citizen because one or more of its constituent insurer members is a citizen of Louisiana."[46] Based upon that representation by LIGA's counsel, it appears that the parties are no longer completely diverse. Additionally, in other Hurricane Ida cases where LIGA was added as a defendant, this Court has either dismissed or remanded the case, as appropriate, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.[47]

According to 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[48] The statute also specifically provides that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[49] Because the Court is granting Plaintiff's Motion and allowing Plaintiff to amend her state court Petition to add LIGA, a non-diverse defendant, § 1447(e) requires this Court to remand the matter to the 32nd Judicial

---

[45] R. Doc. 27 at ¶ 7.
[46] *See*, R. Doc. 21 at p. 6 in *Kyle Mipro v. Weston Specialty Ins. Co.*, Civ. A. No. 22-2139 (E.D. La. Mar. 16, 2023).
[47] *See, Id.* (remanding case for lack of diversity jurisdiction); R. Doc. 27 in *Armando Soza, et al. v. Southern Fidelity Ins. Co.*, Civ. A. No. 22-cv-1400 (E.D. La. April 4, 2023) (remanding case for lack of diversity jurisdiction); R. Doc. 14 in *Ahmad Ayyad, et al. v. Lighthouse Excalibur Ins. Co., et al.*, Civ. A. No. 23-1085 (E.D. La. June 21, 2023) (dismissing case due to lack of diversity jurisdiction).
[48] 28 U.S.C. § 1447(c).
[49] 28 U.S.C. § 1447(e).

District Court for the Parish of Terrebonne, State of Louisiana, for lack of subject matter jurisdiction.[50]

## IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Add Party[51] is **GRANTED**, allowing Plaintiff to name LIGA as an additional defendant in this matter.  Upon granting the Motion, however, there is longer complete diversity of citizenship between the parties.  Accordingly, **IT IS FURTHER ORDERED** that this matter be **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, July 14, 2023.

*[signature: Wendy B. Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[50] *See, Tillman v. CSX Transp., Inc.*, 929 F2d 1023, 1029 n.11 (5th Cir. 1991); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Mitchell v. Wal-Mart Stores, Inc.*, Civ. A. No. 15-2506, 2016 WL 447721, at *2-3 & n.1 (W.D. La. Feb. 4, 2016) (Hanna, M.J.); *Schindler v. Charles Schwab & Co., Inc.*, Civ. A. No. 05-0082, 2005 WL 1155862, at *2 (E.D. La. May 12, 2005).
[51] R. Doc. 27.